Manly, J.
 

 Bank notes not having any intrinsic value, are not the subject of larceny at common law; Gayle’s case, 8 Co. 33, 1 Hawk. ch. 33, sec,. 35; but have been made so by the legislation of most commercial nations.
 

 The statute on this subject, now in force in North Carolina, is found in Eev. Code,, chap. 34, sec. 20 ; from which it will appear that only those bank-notes that have been issued by corporations of the State, or some other of the United States, are now the subject of larceny within our State courts.
 

 Whether this limited application of the law of larceny to bank-notes, may not have suffered still further restriction by the political condition of the country, and by the act of the Legislature of 1861~’2, ex. session, ch. 23, is not in this case material to enquire.
 

 
 *444
 
 The bill of indictment charges the thing stolen to be a
 
 lank-note
 
 without further description, while bank-notes of certain classes, to the exclusion of others, are only the subject of larceny. This is not such a description as will enable the Court to see that a felony, under our law, has been committed. It may have been a bank-note as well without the purview of the statute as within ; and as the rule of construction is, that every conclusion will be made against the bill, which has not been excluded by the pleader, either expressly or by necessary implication, we are bound to hold it to be a note of some bank not embraced by the statute. This is simply requiring
 
 certainty to a certain intent
 
 in_ general, which is the rule applicable to indictments.
 

 There could be no judgment against the defendant upon the verdict, under this indictment, and it was, therefore, properly arrested in the Court below.
 

 Per Curiam,
 

 Judgment affirmed.